```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | |
| JULEILA L. BROWN, | * | CASE NO. 4:25-CR-1 (CDL) |
| Defendant. | * | |

O R D E R

Defendant Juleila L. Brown received a violation notice for speeding on Fort Moore, a federal military installation. *See* Violation Notice, ECF No. 1. The Government is proceeding on the violation notice, and no other charging document (e.g., indictment, information, or complaint) has been issued. During Defendant's initial appearance before a United States Magistrate Judge (4:24-PO-586), Defendant demanded a jury trial before a District Judge, and the case was transferred to the undersigned. For the reasons set forth below, the Court concludes that the charge against Defendant is a "petty offense" under federal law, and therefore, Defendant is not entitled to a jury trial before a District Judge. Accordingly, this action is transferred back to the Magistrate Judge for further proceedings.

DISCUSSION

The Sixth Amendment to the United States Constitution provides the right to a jury trial for a criminal offense that

carries a possible penalty of more than six months' imprisonment. *See Baldwin v. New York*, 399 U.S. 66, 69 (1970) ("[N]o offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized."). But the Sixth Amendment does not require a jury trial for "petty offenses," which are crimes that carry possible penalties of up to six months' imprisonment. *Lewis v. United States*, 518 U.S. 322, 327 (1996).

Congress adopted the "up to six months' imprisonment" standard to define "petty offense" under federal law; the term includes misdemeanors and infractions with a maximum authorized imprisonment term of six months or less. 18 U.S.C. § 19 (defining petty offense as "a Class B misdemeanor, a Class C misdemeanor, or an infraction"); Fed. R. Crim. P. 1(b)(8) (adopting the definition of "petty offense" from 18 U.S.C. § 19); 18 U.S.C. § 3559(a)(7)-(9) (categorizing offenses by maximum authorized imprisonment terms: Class B misdemeanors (six months maximum), Class C misdemeanors (thirty days maximum), and infractions (five days maximum)). In contrast, misdemeanors with a maximum imprisonment term of "one year or less but more than six months" are "Class A" misdemeanors, and those are not petty offenses. *Id.* § 3559(a)(6). A defendant charged with a Class A misdemeanor must be permitted to appear before a District Judge if she does not consent to proceedings before a Magistrate Judge, but a person charged with a "petty offense" is not entitled to proceed before a District

2

Judge. Fed. R. Crim. P. 58(b)(3); *accord* Fed. R. Crim. P. 58(b)(2)(E)(i) (requiring that a defendant be notified of a right to a jury trial and the right to proceed before a District Judge unless the charge is a "petty offense").

The question for the Court, therefore, is whether Defendant here was charged with a "petty offense." If she was, then she has no right to a jury trial and no right to proceed before a District Judge.[1] In general, the courts look to the "maximum penalty attached to the offense" to determine whether it is "petty." *Lewis*, 518 U.S. at 326. In most instances, as is the case here, no federal statute exists specifically addressing the maximum penalty for traffic offenses committed on federal military installations. Instead, in states like Georgia where "traffic law

---

[1] The ramifications of the Court's decision are potentially far-reaching. If the Court were to determine that all speeding charges on Fort Moore under the Assimilative Crimes Act are Class A misdemeanors, then any person who is charged with a mere speeding violation would be entitled to a jury trial; the United States Attorney would have to expend additional resources to proceed under an indictment, an information or a complaint; the United States Marshal would likely have to serve the charging document personally on the defendant and process the defendant, which would include taking fingerprints and a mug shot; and if the defendant is convicted, the defendant would have a serious misdemeanor conviction on her record instead of a simple traffic infraction. Furthermore, the public would be burdened with the expense of a jury trial, and individual citizens' lives would be disrupted if called for jury duty. It also seems obvious that having the District Judge conduct jury trials on speeding tickets is not a prudent use of that judge's limited time and resources. All of these potential consequences could result even if it is clear that the Magistrate Judge has no intention of imposing a sentence of imprisonment at all. This is not what the Founders had in mind when they adopted the Sixth Amendment. Nor could this be what Congress intended when it adopted the Assimilative Crimes Act.

violations are State criminal offenses, such laws are made applicable under the provisions of [the Assimilative Crimes Act], 18 U.S.C. § 13, to military installations having concurrent or exclusive Federal jurisdiction." 32 C.F.R. § 634.25(e). Thus, for traffic offenses on Fort Moore, an offender is charged with a violation of the Assimilative Crimes Act, 18 U.S.C. §§ 7 and 13, and the relevant Georgia traffic statute. In this case, the applicable Georgia traffic statute is O.C.G.A. § 40-6-181. *See* Violation Notice, ECF No. 1.

To determine whether Defendant was charged with a "petty offense," the Court must decide how a violation of O.C.G.A. § 40-6-181 should be categorized under the circumstances presented here. The starting point is Georgia law. Like most provisions of the Georgia motor vehicle code, O.C.G.A. § 40-6-181 does not specify a punishment for a violation of the statute. The Georgia code makes a traffic violation under such a statute a "misdemeanor." O.C.G.A. § 40-6-1(a). The general Georgia misdemeanor statute applies in such cases, and it authorizes a maximum term of confinement "not to exceed 12 months," with no differentiation between different types of misdemeanors. O.C.G.A. § 17-10-3; *cf. Chastain v. State*, 498 S.E.2d 792, 795 (Ga. Ct. App. 1998) (concluding that in a prosecution under a statute that contained a specific punishment, the general misdemeanor statute did not apply). So, a Georgia court may sentence a violator to up

to twelve months' imprisonment on a speeding charge.  *See Jones v. State*, 706 S.E.2d 593, 594-95 (Ga. Ct. App. 2011) (affirming twelve-month jail sentence for a driver who drove more than 100 miles per hour in a 70 mile-per-hour zone and had at least eleven prior speeding violations).  Accordingly, a Georgia traffic offender charged with an offense to which the general Georgia misdemeanor statute applies has a right under the Georgia Constitution to a jury trial in a Georgia court because the "charged offense is a misdemeanor and subjects [the defendant] to potential punishment as a misdemeanant."  *Caputo v. State*, 623 S.E.2d 687, 688 (Ga. Ct. App. 2005).

At first glance, it might be tempting to assume that when a federal offender is charged under an assimilated Georgia traffic law to which the general Georgia misdemeanor statute would apply in a Georgia court, the same maximum twelve-month penalty should be imported into federal law and the offense should be classified as a federal Class A misdemeanor.  Georgia law, though, does not necessarily define the classification of offenses under federal law.  The Assimilative Crimes Act fills the gaps where no act of Congress directly makes a defendant's conduct punishable under federal law, but the Act does not require assimilation of state law provisions that conflict with federal policy, including federal policy on sentencing.  *See, e.g.*, *United States v. Gaskell*, 134 F.3d 1039, 1044 (11th Cir. 1998) (finding that a federal judge

5

sentencing under the Assimilative Crimes Act could depart from state law to "preserve the policies behind the federal probation statutes"). As the United States Court of Appeals for the Fifth Circuit recognized, state law offenses imported into federal law through the Assimilative Crimes Act "carry punishment ranges sometimes at odds with the federal law's classification of offenses." *United States v. Teran*, 98 F.3d 831, 834 (5th Cir. 1996). In such cases, the federal court need not import the state law punishment range. *See id.* at 834-35 (finding no error where a federal magistrate declared that the maximum penalty for a defendant charged with violating an assimilated Texas traffic statute was one year, even though the Texas statute carried a maximum penalty of two years, to further the federal policy concern of promoting efficiency in the federal criminal process by permitting certain types of offenses to be tried by a Magistrate instead of a District Judge).

Here, the Government charged Defendant with a petty offense, not a Class A misdemeanor. That is evident because the Government is proceeding on a violation notice. While the trial of a "petty offense" may "proceed on a citation or violation notice," the trial of a Class A misdemeanor may only "proceed on an indictment, information, or complaint." Fed. R. Crim. P. 58(b)(1). No indictment, information, or complaint has been issued in this case. Accordingly, a trial of this action may only proceed as a "petty

6

offense," which means that the punishment cannot exceed the maximum confinement term for a federal Class B misdemeanor—six months' imprisonment. Fed. R. Crim. P. 1(b)(8); 18 U.S.C. § 19; 18 U.S.C. § 3559(a)(7). To import the twelve-month maximum penalty from Georgia's general misdemeanor statute under these circumstances, the Court would have to ignore the Government's clear intent to prosecute this action as a petty offense. And, importing the twelve-month penalty here would conflict with the important federal policy concern of promoting efficiency and judicial economy in the federal criminal process by allowing offenses that are not charged as Class A misdemeanors to proceed before a Magistrate Judge. For these reasons, the Court declines to import Georgia's general misdemeanor statute to provide the penalty range for an assimilated traffic offense under the circumstances of this case. This action shall proceed as a "petty offense" case.[2]

---

[2] The Magistrate Judges in this District have traditionally imposed a fine and no imprisonment for speeding citations, implicitly concluding that they are "petty offenses" and not Class A misdemeanors. A standing order now provides:
> Any charge brought in the Columbus Division of the Middle District of Georgia for a violation of any provision of Title 40 of the Georgia Code (Motor Vehicles and Traffic) pursuant to the Assimilative Crimes Act shall be treated for sentencing purposes as a 'petty offense' as defined by federal law, unless the charge is superseded by or brought on an information, complaint, or indictment by the United States Attorney.

M.D. Ga. Standing Order 2025-01. Therefore, it is clear that violations of Georgia's motor vehicle and traffic laws are not treated as federal Class A violations unless they are charged with an indictment, information, or complaint by the United States Attorney.

CONCLUSION

Because this is a "petty offense" case where the maximum possible term of imprisonment does not exceed six months, Defendant is not entitled to a jury trial or to proceed before a District Judge. Accordingly, this action is transferred back to the Magistrate Judge for further proceedings.[3]

IT IS SO ORDERED, this 15th day of January, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] It is not clear from the present record whether Defendant seeks appointed counsel. Defendant has a right to retain counsel. But the Court notes that if Defendant is indigent, she only has a Sixth Amendment right to *appointed* counsel if she is sentenced to a term of imprisonment. *See Scott v. Illinois*, 440 U.S. 367, 374 (1979) (concluding that the Constitution does not require appointment of counsel for a criminal defendant who is not actually sentenced to imprisonment, even if he is charged with an offense for which imprisonment is authorized); *Nichols v. United States*, 511 U.S. 738, 746 (1994) (adhering to *Scott* holding).